NATHANIEL WEED, HARVEY WEED and HENRY W. BARNES, *vs.* JAMES LYON, THOMAS BEALS, LEMUEL GOODELL and JONAS H. TITUS.

First Circuit.

Weed.
*vs.*
Lyon.

The act of April 12, 1827, entitled "an act concerning mortgages," prescribes the manner in which mortgages may be registered, and being an act expressly in relation to mortgages, and general in its terms, is not controlled in relation to the record of mortgages by the act of the same date, entitled "an act concerning deeds and conveyances;" and therefore where a mortgage was registered according to the requirements of the first mentioned act: it was held to be a legal and valid registry, and constructive notice under the statute to a subsequent mortgagee or grantee of the same premises.

The bill of complaint in this case was filed Nov. 16, 1840, and sets forth that on the 6th day of June, 1837, John Hale was indebted to complainants, in the sum of $3038,37, for goods, &c., and the said Hale being seized of, or pretending to be seized of the fee of lots 16, 17, and 18, on the Military Reservation, so called, on the south side of Congress street, in the city of Detroit, free from all incumbrance, executed with his wife Felicite, a mortgage on the premises which was recorded in the office of Register of Deeds for the county of Wayne, in liber eight, on folio 343 on the 17th day of June, 1837.

That default having been made in the payment of the bond and mortgage, a foreclosure was commenced by advertisement on the 17th day of June, 1839, and the lots were struck off to the complainants, and they became the purchasers, on the 31st day of August, 1839, and received a certificate from the Sheriff, "that unless the land was "redeemed according to law, the purchasers would be entitled to a "deed in two years from the date of said purchase;" that the certificate of sale from the Sheriff was duly recorded in the office of Register of Deeds of the county of Wayne, that the property had not been redeemed, and there was no probability of its being redeemed, as Hale, the mortgagor, was dead, and his estate insolvent, and complainants aver that they hold no other security for the payment of the demand or debt, or any part thereof.— The bill then states that complainants were greatly surprised recently to learn there was a prior incumbrance in favor of the defendant, Lyon, which was made about the 13th November, 1828; and upon examing the records of Wayne county, they find such to be the

fact, and that certain proceedings were instituted in behalf of said Lyon, to foreclose the mortgage, and that the said premises were bid off on the 21st of November, 1838, lot 16, for $700, lot 17, for $700 lot 18, for $1128,46, and that the Sheriff gave a certificate stating that James Lyon, the purchaser, would be entitled to a deed, unless previously redeemed according to law. An assignment was made in January, 1840, to Thomas Beals, by Lyon, and the complainants charge that Beals or Lyon contemplate applying to the Sheriff of the county of Wayne, for a deed, on the pretence that the premises have not been redeemed, thereby utterly disregarding the rights and interests of the complainants, and they charge if such deed is procured, it would prejudice their claim on the premises.

The complainants then set forth that it was provided in an act of the legislature, that there should be a City Register's office in the city of Detroit, which law was in force *at the time of the execution of* said mortgage to Lyon, requiring it to be recorded in the *City* Register's office, and declaring such conveyance to be fraudulent and void, unless it should be recorded in the City Register's office, *before the "recording" of the deed or conveyance* of a subsequent purchaser or mortgagee. They then state that at the time the complainants took their mortgage they *examined the City Records*, and that Lyon's mortgage never was recorded in the office of the City Register, and that they had no knowledge of the same until June, 1840, and they claim that the Lyon mortgage should be considered as fraudulent and void.

Bill charges that the statuory foreclosure is void as against the complainants, for the reason that the mortgage of Lyon was not recorded in the City Registry. It also charges the foreclosure is void for irregularity, is specified, and prays that the mortgage made by Hale and wife to Lyon, be adjudged null and void as against the complainants, or considered as subject to complainants mortgage ; and that the statuory foreclosure be set aside and declared void, and for other relief.

The defendants demurred.

H. N. WALKER, in support of the demurrer.

A. D. FRASER, GEO. C. BATES, contra.

THE CHANCELLOR.—The act of April 12, 1827, entitled " an act concerning mortgages, " prescribes the manner in which mortgages

may be registered. This being an act expressly in relation to mort-gages, and general in its terms, is not controlled in relation to the record of mortgages by the act of the same date, entitled " an act concerning deeds and conveyances." Therefore the record of the mortgage of Lyon in the County Registry, according to the requirements of the act first mentioned was legal and valid, and a constructive notice under the statute to any subsequent mortgagee or grantee of the same premises. As this conclusion upon the construction of these statutes is conclusive upon the equity of the case made by the bill, the demurrer must be allowed and the bill dismissed.

Bill dismissed.